IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Byron Pou,                                          ) | C/A No.: 1:25-13389-RMG-SVH |
|                                                     ) | |
|       Plaintiff,      ) | |
|                                                     ) | |
| v.                                                  ) | |
|                                                     ) | REPORT AND |
| Sergeant Kerr; Richard Smith; and                   ) | RECOMMENDATION |
| Jane Doe,                                           ) | |
|                                                     ) | |
|       Defendants.     ) | |
|                                                     ) | |

Byron Pou ("Plaintiff") is an inmate at Turbeville Correctional Institution, proceeding pro se, who filed this complaint alleging his color television was damaged and confiscated when he transferred from Tyger River Correctional Institution. He sues Tyger River Correctional Institution employees Sergeant Kerr, Warden Richard Smith, and Jane Doe (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be dismissed for lack of subject matter jurisdiction.

I.    Factual and Procedural Background

Plaintiff alleges Kerr failed to have his 13" color television ("TV") shipped properly. [ECF No. 1 at 4]. He states the TV "was placed illegally inside of a

green duffel bag and was damaged and then unnecessarily confiscated." *Id.* at 5. He states that the only injuries were to his property. *Id.* at 6.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Plaintiff's claim concerns the damage to and destruction of his property.[1] Plaintiff does not have a cognizable claim pursuant to 42 U.S.C. §1983 because

---

[1] Although Plaintiff alleges the TV was improperly seized and his property was taken without due process, the essential facts reveal a simple property damage claim. Plaintiff has not shown he has a "due process" right to having his property shipped in a particular manner.

3

he has an adequate state-court remedy for such personal-property issues under the South Carolina Torts Claim Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 through 15-78-220. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986). This holding applies regardless of whether the inmate's property loss was the result of negligence or an intentional act of the state employee or employees. *Hudson v. Palmer*, 468 U.S. at 533 (extending the holding of *Parratt v. Taylor*, 451 U.S. 527 (1981) to intentional deprivations of property); *see also Bogart v. Chapell*, 396 F.3d 548, 557 n.7, 561 (4th Cir. 2005) (South Carolina has meaningful post-deprivation remedies of "conversion/trespass to chattels" for personal property loss caused by county employees).

Under South Carolina law, Plaintiff's claims relating to his property interest are cognizable under the SCTCA. The SCTCA encompasses both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political

4

subdivision of the state while acting within the scope of his or his employment. *See* S.C. Code Ann. § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Accordingly, Plaintiff's claims relating to his personal property are cognizable under the SCTCA. Plaintiff can file a verified claim of his alleged personal property loss with SCDC under the Act. S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim...."). Therefore, Plaintiff has no cognizable claim pursuant to 42 U.S.C. § 1983.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed.

IT IS SO RECOMMENDED.

November 18, 2025                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).