# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Bryon Pou, | Case No. 1:25-cv-13389-RMG |
| Plaintiff, | |
| v. | |
| Sgt. Kerr; Richard Smith; and Jane Doe | **AMENDED ORDER** |
| Defendants. | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge, recommending that Plaintiff's claim under 42 U.S.C. § 1983 be summarily dismissed for lack of subject matter jurisdiction. (Dkt. No. 8). Plaintiff filed objections to the R & R. (Dkt. No. 12).[1] For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses this action.

**I.  Background**

Plaintiff, an incarcerated person proceeding *pro se*, brings this action under 42 U.S.C. § 1983, claiming that Defendants deprived him of personal property (a color TV set) when he was transferred from one prison of the South Carolina Department of Corrections to another prison. The Magistrate Judge, citing controlling Fourth Circuit law, recommended the dismissal of the suit because of a lack of federal jurisdiction because state law provides an adequate post deprivation remedy. (Dkt. No. 8 at 3-5).

---

[1] The Plaintiff's objections were not timely submitted and the Court issued its order without benefit of Plaintiff's objections. When the objections were received, the Court withdrew its prior order and issued this amended order, which addresses Plaintiff's objections to the R & R.

1

Plaintiff filed objections to the R & R, asserting that he should be allowed to amend his complaint to add state law claims and for the Court to exercise its supplemental jurisdiction over the state law claims. Defendant further asserts that the named defendants were grossly negligent in loss of his personal property. (Dkt. No. 12).

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

The Magistrate Judge correctly found that Plaintiff's claim was subject to summary dismissal because he has no viable § 1983 claim where Plaintiff has an adequate post deprivation remedy under state law. Plaintiff request to be allowed to amend his complaint to add state law claims is denied because the Court would not exercise its supplemental jurisdiction to consider purely state law claims. Plaintiff is free to file his suit in state court but this Court lacks jurisdiction over this claim.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 18) as the Order of the Court and **SUMMARILY DISMISSES** this action.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
                                                 Richard Mark Gergel
                                                 United States District Judge

December 10, 2025
Charleston, South Carolina